LOUIS LE PAGE *v.* F. C. PORÉE and another.

Plaintiff having transferred certain shares of bank stock to a third person, for the purpose of enabling the transferree to raise money thereon, defendant caused a *fi. fa.*, which he had obtained against such third person, to be levied on the stock as the property of the latter. The execution was enjoined by plaintiff, who claimed the stock as his own. On a motion to dissolve : *Held*, that by transferring the stock to enable the transferree to raise money thereon, plaintiff made him the apparent owner, and thereby deceived his creditors ; and that the injunction was correctly dissolved.

APPEAL from the City Court of New Orleans, *Collins,* J.

*Byrne,* for the appellant.

*Bartlette,* for the defendants.

MARTIN, J. The plaintiff, and his surety in an injunction bond, are appellants from a judgment dissolving the injunction on the ground of the insufficiency of the facts on which it was granted. The petition stated that the plaintiff was the owner of a number of bank shares, which he had transferred to Le Page, Jr., in order thereby to enable him to obtain money ; and that the defendant Porée, having a judgment against a firm of which Le Page, Jr. was a member, caused the other defendant, the City Marshal, to levy a writ of *fi. fa.*, issued under the judgment, on said bank shares ; whereupon, an injunction was obtained to prevent their sale.

It is clear that the injunction was improperly granted. The plaintiff, by transferring his shares to Le Page, Jr., to enable him to raise money thereon, by loan, made him the apparent owner of them, and thereby deceived his creditors.

There was a motion for a new trial on the grounds :

1st. That the judgment ought to have been one of nonsuit only.

2d. That there was no prayer for judgment against the surety.

3d. That notice of trial ought to have been given to the surety, the attorney of the plaintiff being dead.

The court did not err. If an injunction be granted on grounds which do not warrant it, the party against whom it was obtained has a right to demand its dissolution. Gorman, the surety who appeals, did not sign the original bond ; but the record shows that

his name was substituted for that of Chalaron, the surety on the original bond, and that the former, Gorman, subscribed a new bond.

*Judgment affirmed.*